# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| James Paul Aery, | Civ. No. 20-2154 (ECT/BRT) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Sgt. Collins, Official and Individual Capacity, | |
| Defendant. | |

This matter is before the Court on Plaintiff James Paul Aery's Motion for Injunction. (Doc. No. 18.) For the reasons that follow, this Court recommends that Plaintiff's motion be denied.

### I.    Background

Plaintiff filed his Complaint in this matter on October 13, 2020, against Defendant Sgt. Collins, an employee of Minnesota Correctional Facility Faribault, alleging that she violated his rights under the Fourth, Eighth, and Fourteenth Amendments when she "wantonly disregarded [Plaintiff's] personal safety by . . . coughing intentionally on [him] . . . during a [p]andemic for Covid-19." (*See* Doc. No. 1, Compl. 4.) Plaintiff characterizes that incident as an "assault" that caused him "great fear and mental anguish," and is seeking injunctive relief in the form of staff training, the termination of Defendant, punitive damages of $50,000, and a declaration that Plaintiff's rights were violated. (*Id.* at 7.)

Plaintiff filed the Motion for Injunction presently before the Court on March 1, 2021. (Doc. No. 18, Mot. for Injunction.) Therein, Plaintiff seeks an "injunction on the MN Department of Corrections placing a warrant for [Plaintiffs] arrest" resulting from a "supposed violation of Parole" and immediate release from "DOC MN Parole." (*Id.* at 1–2.) Plaintiff alleges that this parole violation was a result of a phone call placed by a counselor at Duluth Bethel treatment, and further alleges that the counselor "said she is so angry with me at times she could hit me." (*Id.*) Plaintiff claims that his access to legal resources at Duluth Bethel is "restricted." (*Id.*)

**II.    Analysis**

"A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). To warrant relief, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. *Id.* A plaintiff may not obtain a preliminary injunction "based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested" in his underlying complaint. *Id.* "Even when a party 'raises a serious issue, the purpose of a preliminary injunction is to protect the plaintiff from harms alleged **in the complaint** while litigation is pending.'" *Green v. Doe*, No. 16-CV-3945 (PJS/SER), 2018 WL 1023784, at *9 (D. Minn. Jan. 29, 2018), *report and recommendation adopted*, No. 16-CV-3945 (PJS/SER), 2018 WL 1015343 (D. Minn. Feb. 22, 2018) (quoting *Frye v.*

*Minn. Dep't of Corr.*, No. 05-cv-1327 (JNE/JJG), 2006 WL 2502236, at *1 (D. Minn. Aug. 29, 2006)) (emphasis in original).

Here, Plaintiff's Complaint alleges violations of his rights under the Fourth, Eighth, and Fourteenth Amendments arising out of an incident where Plaintiff alleges Defendant coughed on him. (*See generally* Compl.) Plaintiff's Motion for Injunction, however, bears no relationship at all to those claims or the alleged conduct by Defendant that gave rise to them. Instead, the Motion for Injunction raises new claims against new parties who are wholly unrelated to the instant litigation. Accordingly, this Court finds that the relief Plaintiff seeks in his Motion for Injunction is not related to his Complaint, and therefore recommends that Plaintiff's Motion for Injunction be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Plaintiff's Motion for Injunction **(Doc. No. 18)** be **DENIED**.

Dated: March 3, 2021

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge