UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Paul Aery, | Case No. 20-cv-02154 (KMM/BRT) |
| Plaintiff, | |
| v. | ORDER |
| Sgt. Collins, | |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff James Paul Aery commenced this action on October 13, 2020, bringing a 42 U.S.C. § 1983 claim against Sergeant Holly Collins. [Compl., ECF No. 1]. The parties filed cross-motions for summary judgment. [ECF Nos. 39, 70]. On March 17, 2022, United States Magistrate Judge Becky R. Thorson recommended granting Sgt. Collins' Motion for Summary Judgment. [ECF No. 90]. Mr. Aery timely objected to that report and recommendation ("R&R"). [Obj. to R&R, ECF No. 91]. Having reviewed the R&R, Mr. Aery's objections, and the entire case file, the Court overrules Mr. Aery's objections and adopts the Magistrate Judge's R&R, granting Sgt. Collin's motion for summary judgment and denying Mr. Aery's other pending motions as moot.

## II.   BACKGROUND

This claim arose out of an incident on April 18, 2020, during which Sgt. Collins coughed into her elbow in front of Mr. Aery and another inmate, Josh Daniels, while not

wearing a mask.[1] [R&R at 2]. In response to this incident, Mr. Aery filed six different Offender Kite Forms ("kites"), and a Minnesota Department of Corrections Offender Grievance form. [*Id.* at 7]. Mr. Aery commenced this action on October 13, 2020, bringing a 42 U.S.C. § 1983 claim against Sgt. Collins for "wantonly disregard[ing] my personal safety by exhibiting intentional malice by coughing intentionally on me causing great fear of harm while in a great position of authority." [Compl., ECF No. 1].

Judge Thorson's R&R responds to the parties' cross-motions for summary judgment. Mr. Aery argued that the Court should grant his motion because of the absence of disputed facts and because "Ms. Sgt. Holly Collins was ordered by her superior Lt. Wadzinski to apologize, which she did." [Pl. Mot., ECF No. 39]. Sgt. Collins made several arguments in her motion, and relevant to this proceeding, argued that Mr. Aery's claims are barred under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, because he failed to exhaust his administrative remedies and demonstrate that he suffered any physical injury. [Def. Mot., ECF No. 70]. In response, Mr. Aery argued that he was not aware of those grievance procedures and that the administrative remedies were not available. In a R&R, Judge Thorson recommended denying Mr. Aery's motion and granting Sgt. Collins' motion on the basis of Mr. Aery failing to exhaust his administrative remedies and failing to show a physical injury. [R&R at 16, 19]. Regarding Mr. Aery's state tort claims, Judge Thorson recommended that the Court should decline to exercise supplemental jurisdiction, as she recommended that Mr.

---

[1] Sgt. Collins had passed the COVID-19 screening procedure prior to the incident. [R&R at 2].

2

Aery's federal court claims be dismissed. [*Id.* at 19]. She recommends that the Court deny Mr. Aery's other pending motions as moot.[2] [*Id.* at 22].

### III. DISCUSSION

The Court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). In the absence of objections, the Court reviews the R&R for clear error. *Nur v. Olmsted County*, No. 19-cv-2384 (WMW/DTS), 2021 WL 4444813, at *1 (D. Minn. Sept. 28, 2021) (citing Fed. R. Civ. P. 72(b) and *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam)). District court judges "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Because Mr. Aery is self-represented, his objections are entitled to a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, if the objections are vague or non-responsive to the R&R, the Court need not conduct a *de novo* review and may review the R&R for clear error. *See, e.g.*, *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) ("Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error."); *Miles v. Birkholz*, No. 19-cv-884 (ECT/ECW), 2020 WL 1187425, at *1 (D. Minn. Mar. 12, 2020), *aff'd*, No. 20-1978, 2020 WL 9596418 (8th Cir. Oct. 2, 2020); *Martinez v. Astrue*, No. CIV.A. 10-5863, 2011 WL 4974445, at *3 (E.D. Pa. Oct. 19, 2011) (collecting cases).

---

[2] ECF Nos. 34, 36–37, 40, 43, 45, 55, 67, 87–89.

Mr. Aery objects to the R&R on three primary grounds. First, Mr. Aery argues that he was unable to complete the grievance process because of failures to follow the process by the DOC staff responding to his kites. Second, he argues that because one individual who responded to a kite believed that the "issue was at a 'dead end' and no further action would be taken or allowed to proceed," and because he was not properly informed about the procedures, the grievance process remedies were not available to him. Third, Mr. Aery argues that no physical injury is required because this situation is "the exception to PLRA's Section 1997e(e)" and asks the Court to make an exception to this requirement.

Mr. Aery did not raise any of these arguments before Judge Thorson. The Court cannot consider new arguments not presented to the magistrate judge. *Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) ("A party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge."); *see also Elizabeth A.W. v. Kijakazi*, No. CV 20-1733 (JRT/JFD), 2022 WL 867293, at *2 (D. Minn. Mar. 23, 2022); *United States v. Light*, No. CR 20-147 (PAM/LIB), 2021 WL 1187260, at *2 (D. Minn. Mar. 30, 2021); *Fields v. Henry*, No. 17-CV-2662 (WMW/KMM), 2019 WL 6037425, at *1 (D. Minn. Nov. 14, 2019); *Britton v. Astrue*, 622 F. Supp. 2d 771, 776 (D. Minn. 2008). Therefore, those objections are waived. Moreover, the Court has reviewed each of the three arguments that Mr. Aery raises for the first time in his Objections, and finds that none undermine the merits of

Judge Thorson's recommendations. As Mr. Aery does not have any remaining objections, and otherwise finding no clear error, the Court adopts Judge Thorson's R&R.

IV. **CONCLUSION**

Based on the R&R, the foregoing analysis, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's objections, [ECF No. 91], are **OVERRULED**;

2. The March 17, 2022, R&R, [ECF No. 90], is **ADOPTED**; Sgt. Collins' motion for summary judgment, [ECF No. 70], is **GRANTED**; and Mr. Aery's motion [ECF No. 39] is **DENIED**.

3. Plaintiff's federal claims are **DISMISSED WITH PREJUDICE**;

4. Plaintiff's state law tort claims are **DISMISSED WITHOUT PREJUDICE**;

5. Plaintiff's remaining motions, (ECF Nos. 34, 36–37, 40, 43, 45, 55, 67, 87–89), are **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: July 25, 2022

                                                     *s/Katherine Menendez*
                                                     Katherine Menendez
                                                     United States District Judge